UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANSUR PROPERTIES LLC, an Oregon limited liability company,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 3:21-cv-05491-RJB<br><br>ORDER GRANTING PLAINTIFF MANSUR PROPERTIES' MOTION TO CONTINUE AND DENYING PLAINTIFF'S MOTION TO CONTINUE AND DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Mansur Properties' Motion for Leave to File Amended Complaint (Dkt. 18) and Motion to Continue (Dkt. 16), and Defendant First American Title Insurance Company's Motion for Summary Judgment (Dkt. 13).

This lawsuit arises out of the purchase of real property by Plaintiff Mansur Properties ("Mansur") and for which Defendant First American Title Insurance Company ("First American") issued title insurance. Though Mansur initially brought only a claim for negligence, it now requests the opportunity to add a claim for breach of contract. According to First American, summary judgment is appropriate because Mansur cannot sustain a claim under either

ORDER GRANTING PLAINTIFF MANSUR PROPERTIES' MOTION TO CONTINUE AND DENYING PLAINTIFF'S MOTION TO CONTINUE AND DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT - 1

cause of action. For the reasons set forth in this order, Mansur should be granted leave to file an amended complaint.

### I. BACKGROUND

The following facts are not in dispute. Plaintiff purchased a parcel of land (the "Property") in Clark County, Washington with the intention of turning it into a used car lot. Dkt. 18. Defendant issued Mansur an "ALTA Commitment for Title Insurance" ("Title Insurance"). Dkt. 13. The first "Covered Risk" contained in the Title Insurance is for "loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of: 1. Title being vested other than as stated in Schedule A." Dkt. 21 at 23. Schedule A, which is essentially an addendum to the Title Insurance, includes a description of the Property boundaries that appears to have come from an historic deed. *Id.*; Dkt. 15 at 2.

After purchasing the Property, Mansur learned that the boundary description listed on the historic deed and on Schedule A included a 15' x 100' parcel along the border that had been conveyed to a neighbor. Dkt. 18. This means that the Property is smaller than Mansur believed it to be when making the purchase, and that, according to Mansur, the Property is too small to be used as intended – as a used car lot. *Id.*

Mansur filed this lawsuit alleging that First American was negligent by breaching its duty to perform an accurate legal description of the Property. Dkt. 1-1 at 3. First American moved for summary judgment, arguing that "Washington law is clear that title insurers do not owe their insureds a duty to search for and disclose potential title defects." Dkt. 13 at 3. Mansur responded (Dkt. 15), moved to continue (Dkt. 16), and moved for leave to file an amended complaint (Dkt. 18). In the pending motion to continue, Mansur requests that the Court continue consideration of First American's motion for summary judgment for 90 days. In the motion for

1  leave, Mansur seeks leave to add a claim for breach of contract.  *Id.*  First American opposes of

2  Mansur's motions and argues that amendment is not in the interest of justice.  Dkt. 20.

3  **II.     DISCUSSION**

4    Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint

5  "with the opposing party's written consent or the court's leave.  The court should freely give

6  leave when justice so requires."  Courts should consider the circumstances to determine whether

7  to grant leave, and relevant factors include "undue delay, bad faith or dilatory motive on the part

8  of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

9  prejudice to the opposing party by virtue of the allowance of the amendment, futility of

10  amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend should not,

11  however, be used as a tool to delay the inevitable.  *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936

12  F.2d 435, 443 (9th Cir. 1991), *abrogated on other grounds by Cramer v. Consolidated*

13  *Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).  If the parties have engaged in discovery,

14  summary judgment has been fully briefed, and it is clear to the court that amendment is not in the

15  interest of justice, then leave may be denied.  *See id.*

16    The interest of justice weighs in favor of granting Mansur leave to amend.  While the

17  issues do not depend on significant outstanding discovery and the Parties both briefed First

18  American's motion for summary judgment, it is not clear that amendment would be futile.  The

19  Title Insurance covered loss or damage sustained by Title being vested other than as stated in

20  Schedule A.  Title was not vested as stated in Schedule A.  According to First American, the

21  Title Insurance provided Mansur with several options to resolve its claim for that covered risk,

22  options that derive from Conditions 5 and 7 of the Title Insurance, and Mansur exercised its

23  option "to retain counsel to represent Mansur in negotiating with the neighbor to resolve the

24

potential overlap created by the various deeds." Dkt. 13 at 7. It is not clear from the facts before the Court whether Mansur may be able to bring a claim for failure to provide that coverage. Furthermore, there is neither evidence of undue delay because Mansur promptly filed the motions to continue and for leave and Mansur has not previously sought to amend the complaint, nor is there evidence of bad faith.

Considering these factors, and mindful that leave to amend should be given freely, Mansur's Motion for Leave to Amend Complaint should be granted. Because Mansur's motion for leave should be granted, both First American's Motion for Summary Judgment and Mansur's Motion to Continue should be denied as moot.

### III.   ORDER

Therefore, it is hereby **ORDERED**:

- Plaintiff Mansur's Motion for Leave to File Amended Complaint (Dkt. 18) **IS GRANTED**.  Plaintiff must file the Amended Complaint by **October 25, 2021**;
- Defendant First American's Motion for Summary Judgment (Dkt. 13) **IS DENIED**, without prejudice, as moot; and
- Plaintiff Mansur's Motion to Continue (Dkt. 16) **IS DENIED** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of October, 2021.

_____
ROBERT J. BRYAN
United States District Judge